UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER MERGOS,

       Plaintiff,                            Hon. Janet T. Neff

v.                                            Case No. 1:20-CV-324

SPACE EXPLORATION
TECHNOLOGIES CORPORATION,

       Defendant.
_____/

## ORDER

Plaintiff initiated this action on April 15, 2020, against Space Exploration Technologies Corporation (SpaceX). (ECF No. 1). For the reasons discussed herein, the Court hereby orders that this matter be transferred to the United States District Court for the Eastern District of Michigan.

Plaintiff's complaint lacks factual detail and consists largely of legal conclusions. Nevertheless, Plaintiff clearly alleges that Defendant, by utilizing a hazardous product and/or engaging in hazardous conduct, is subjecting Plaintiff to physical harm. Plaintiff also alleges that she is prevented, as a result of Defendant's conduct, from using "many public services and public areas." Plaintiff states that she resides in Shiawassee County, Michigan, which is part of the Eastern District of Michigan. *See* 28 U.S.C. § 102. Plaintiff does not allege that Defendant resides in the Western District of Michigan or that the conduct giving rise to this action occurred

1

in this District. Likewise, Plaintiff does not allege that she has suffered any harm in this District.

Proper venue for a civil case initiated in federal district court is set forth in 28 U.S.C. § 1391. The venue rules outlined in this statute "aim[] to place suits in the judicial district most connected to the parties or the events giving rise to the action." *Walton v. Jones*, 2018 WL 4138926 at *1 (E.D. Mich., Aug. 29, 2018). Specifically, the statute provides that venue is proper: (1) in any district where the defendant is subject to the Court's personal jurisdiction "with respect to" the plaintiff's claims; (2) any district where a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated"; or (3) if there is no other district where the action may be brought, any district where the defendant is subject to the Court's personal jurisdiction "with respect to" the plaintiff's claims. 28 U.S.C. § 1391.

Plaintiff bears the burden to demonstrate that personal jurisdiction over Defendant is proper in this forum. *See, e.g., Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). The allegations in Plaintiff's complaint, however, do not demonstrate that this Court can exercise personal jurisdiction over Defendant in this matter. *See* 28 U.S.C. § 1391; Mich. Comp. Laws § 600.715. Thus, venue is not proper in this Court based its ability to exercise personal jurisdiction over Defendant. The Court must, therefore, determine where a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Based on the allegations in Plaintiff's

2

complaint, this is Shiawassee County, which lies within the Eastern District of Michigan. Thus, venue is not proper in this Court, but is instead proper in the Eastern District of Michigan.

Federal law provides that if an action is initiated in the "wrong division or district," the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer this matter based upon improper venue is a matter which "lies with the sound discretion of the Court." *Walton*, 2018 WL 4138926 at *1. While the allegations in Plaintiff's complaint may appear tenuous, given Plaintiff's pro se status and the gravity of the allegations asserted therein, the Court finds that the interests of justice are better served by transferring this matter to the Eastern District for its consideration.

In conclusion, for the reasons discussed herein, venue is not proper in this Court, but rather properly lies in the Eastern District of Michigan. Accordingly, the Court orders that this matter be transferred to the United States District Court for the Eastern District of Michigan.

**IT IS SO ORDERED.**

Date:   June 1, 2020                               /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge