UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER MERGOS,

        Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES
CORPORATION,

        Defendant.

_____/

Case No. 20-11431

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R STEVEN WHALEN

**ORDER DISMISSING CASE AS FRIVOLOUS**

On April 15, 2020, Plaintiff filed suit against Defendant, Space Exploration Technologies Corporation ("SpaceX") in the Western District of Michigan. She filed a contemporaneous application to proceed without prepayment of fees, and the Magistrate Judge granted that application on April 17, 2020. On June 1, 2020, the Magistrate Judge transferred this case to the Eastern District of Michigan, reasoning that venue is proper in this district, because Plaintiff is domiciled in this district. (ECF No. 2, 3). The case is now before this Court, which will dismiss it as frivolous.

**STANDARD OF REVIEW**

Although the Court is obligated to read *pro se* complaints indulgently and accept Plaintiffs' allegations as true unless they are clearly irrational or incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Court is also required to dismiss

a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless."  *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

### ANALYSIS

Plaintiff has pled four causes of action. First, she seeks relief under the Public Trust Doctrine. Second, she seeks relief under Title II of the Americans with Disability Act ("ADA"). Third and fourth, she seeks relief under the National Environmental Protection Act ("NEPA") and the Michigan Environmental Protection Act ("MEPA").

Only the last cause of action is even cognizable. The Public Trust Doctrine authorizes suit by groups or individuals against governments who are squandering public resources held by them in trust. *Juliana v. United States*, 217 F. Supp. 3d 1224, 1254 (D. Or. 2016), *rev'd and remanded on other grounds*, 947 F.3d 1159 (9th Cir. 2020) (citing *Illinois Central Railroad Company v. Illinois*, 146 U.S. 387 (1892). Similarly, Title II of the ADA by its terms applies only to 'public entit[ies]." *Carten v. Kent State Univ.*, 2'82 F.3d 391, 396 (6th Cir. 2002). Defendant is neither a government, capable of holding resources in trust, nor a public entity, capable of violating Title II of the ADA. Those claims are non-actionable.

As, for the causes of action arising under NEPA and MEPA, only the latter authorizes a private cause of action. "NEPA does not authorize a private right of action." *Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 967 (6th Cir. 2009). MEPA, by contrast, "creates a cause of action in any person or entity against any person or entity 'for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 337 (6th Cir. 1989) (quoting MICH. COMP. L. § 691.1202).

Plaintiff cannot sustain a federal suit on the basis of a MEPA cause of action, however. MEPA authorizes only injunctive or declaratory relief. MICH. COMP. L. §324.1701. Plaintiff therefore cannot plausibly plead that the amount in controversy

exceeds $75,000, and diversity jurisdiction is not available under 28 U.S.C. § 1332. Without any surviving federal claims, supplemental jurisdiction under 28 U.S.C. § 1367 is also not available. The Sixth Circuit has specifically found that though some state law environmental causes of action may be sufficiently "federal in character" as to warrant federal jurisdiction, MEPA is not one of them. *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d at 341. ("MEPA creates a state environmental common law that is unaffected by federal law, and creates an independent state action that is unaffected by anything that happens in the federal sphere of government."). Plaintiff's case is therefore not actionable under MEPA or NEPA and may readily be dismissed as frivolous.

To the extent that Plaintiff's pleadings may constitute an implied toxic tort cause of action, they also fail. Plaintiff alleges that Defendant plans to launch satellites into orbit to "beam internet" back to the Earth. (ECF No. 1, PageId.2). She has not pled any facts, however, indicating that such dangerous signals, even if they existed, would be aimed at her. Satellites, after all, do not generate signals, but provide a transponder to relay signals from points on Earth to other points on Earth. ENCYCLOPEDIA       BRITANNICA,       How       Satellites       Work, https://www.britannica.com/technology/satellite-communication/How-satellites-work, accessed on June 2, 2020. Plaintiff complains that she suffers from microwave

sickness or electromagnetic sensitivity. If this were true, it would be the land-based sources of electromagnetic signals she should be concerned with.

Satellites only move electromagnetic signals around. They do not aim them at individuals. By contrast, individuals using satellite-connected devices send signals to satellites. Plaintiff has not pled any factual support for her theory that Defendant's products threaten her health. To the extent that she pleads that satellites send dangerous electromagnetic signals to non-consenting individuals on the ground, her pleadings are "clearly baseless."

Accordingly,

**IT IS ORDERED** that this case, with the exception of Plaintiff's claims under MEPA, is **DISMISSED WITH PREJUDICE** under § 1915(e) for failure to state a claim upon which relief may be granted. The Court lacks jurisdiction over Plaintiff's claims under MEPA, and so those claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: July 8, 2020                Senior United States District Judge